**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HANNAH PARKER | : | |
| 355 E. Orange Street, Apt. 1 | : | |
| Lancaster, PA 17602 | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | CASE NO.: _____ |
| v. | : | |
| | : | |
| JOSHUA FUNK | : | |
| 28-30 East King Street | : | **JURY TRIAL DEMANDED** |
| Lancaster, PA 17602 | : | |
| and | : | |
| PAUL LYONS | : | |
| 28-30 East King Street | : | |
| Lancaster, PA 17602 | : | |
| and | : | |
| TFB RESTAURANTS & CO., d/b/a | : | |
| ANNIE BAILEY'S IRISH PUB | : | |
| 28-30 East King Street | : | |
| Lancaster, PA 17602 | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

Hannah Parker (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Defendants and avers as follows:

**INTRODUCTION**

1.     Plaintiff initiates the instant action to redress violations by Defendants of 29 U.S.C. § 206 for unlawful failure(s) to pay overtime in compliance with the Fair Labor Standards Act ("FLSA"). Plaintiff also pursues claims under state law(s) for the same types of violations, particularly the Pennsylvania Minimum Wage Act ("PMWA" - 35 P.S. §§ 333.101 *et. seq.*). And Plaintiff pursues claims for wrongful termination for being terminated for engaging in protected activities by complaining about overtime violations to Defendants.

**JURISDICTION AND VENUE**

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because this civil action arises under a law of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this District because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this District.

**PARTIES**

5. Plaintiff is an adult residing at the above-captioned address.

6. TFB Restaurant and Co. (hereinafter, "Defendant TFB") operates under various fictious names such as TFB Hospitality. The enterprise operates various concepts including locations doing business as Annie Bailey's Irish Public House, Per Diem, Conway Social Club, and Gravie Kitchen + Commons. The enterprise also provides other services, such as catering. Defendant TFB is headquartered at the above-captioned address.

7. Joshua Funk (hereinafter, "Defendant Funk") is an executive, owner, and high-level leader overseeing all aspects of Defendant TFB (and the location wherein Plaintiff was employed).

2

8.      Paul Lyons (hereinafter, "Defendant Lyons") is a Culinary Director overseeing all of Defendant TFB's operations at different physical locations (and the location wherein Plaintiff was employed).

9.      At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

10.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.      Plaintiff was hired by Defendants on or about August 14, 2025; and in total, Plaintiff was employed by Defendant for almost eight (8) months.

12.      Plaintiff was informed she was going to be hired as a Sous Chef to work within Defendant TFB at its location doing business publicly as Annie Bailey's Irish Public House (hereinafter, "Bailey's").  Bailey's is located at 28-30 E. King Street, Lancaster, PA 17602.

13.      Management relevant to this lawsuit who were within Plaintiff's supervisory hierarchy included:

    (1) **Britney Valenze** ("Valenze") – She is employed as the Head Chef or Executive Chef within Bailey's.

    (2) **Paul Lyons** ("Defendant Lyons") – He is employed as the Culinary Director for all of Defendant TFB's operations.

    (3) **Joshua Funk** ("Defendant Funk") – He is employed as the President and Chief Executive Officer ("CEO") for all of Defendant TFB's operations.

### Claim #1 – Unpaid Overtime Compensation

14.      Plaintiff was hired at a salary of $51,500.00 per annum, and she was paid this salary during her entire duration of employment (until termination on or about April 3, 2026).

3

15.    Plaintiff was regularly working approximately 50 - 60 hours per week; and despite doing so, Plaintiff was never paid for working in excess of 40 hours per week. Plaintiff was never paid overtime compensation, nor was she ever paid at a rate of time and one half (for any hour over 40 hours in a work week).

16.    It is well known nationally that employees labeled as "sous chefs" are usually not exempt from overtime compensation <u>unless</u> they <u>primarily</u> perform executive-level duties. Under state and federal law(s), a job title assigned to an employee bears no meaningful significance to whether or not they are exempt from overtime.[1]

17.    During most of each day and workweek that Plaintiff worked for Defendants, she functioned as a laborer doing preparation, cleaning and cooking. Plaintiff spent her primary duties working exclusively as a line cook. This was discussed verbally many times, and it was also embodied in written communication(s) between Plaintiff and her management.

18.    Plaintiff <u>did not</u>: (a) have any assigned office; (b) regularly perform office duties; (c) perform any primary duties of management; (d) create, adopt, or modify business policies; (e) evaluate employees; (f) give any employees raises; (g) hire or terminate employees; (h) execute any contracts on behalf of Defendant; or (i) schedule employees or handle PTO / vacation or other approval processes. She functioned in almost every respect as a hard-working laborer cooking daily (functioning as a line cook). Bailey's was so short staffed all the time that it could not effectively operate if Plaintiff didn't cook all day as part of her job (during each workweek).

19.    Plaintiff had worked in a labor-intensive, day-after-day cooking role with a job title of "sous chef" presumably to exploit her at a low overall income (as some Sous Chefs function as part of executive leadership teams in some larger companies, although not here).

---

[1] *See* 29 C.F.R. 541.2 (explaining job title is not reflective of overtime exemption applicability).

Plaintiff does not meet the "executive" exemption to qualify as a high-level manager (in order for Defendants to avoid paying her overtime compensation).[2]

20.    Plaintiff did not by any stretch of imagination have the primary duties of management in any respect, and no reasonable employer could possibly – in good faith – believe Plaintiff was not entitled to overtime compensation.

21.    Plaintiff's overtime rate for hours worked over 40 hours per week should have been $37.14 per hour. Plaintiff was unlawfully not paid approximately $400.00 - $800.00 per week in overtime compensation (to which she was legally entitled while averaging 50 – 60 hours per workweek).

22.    It is nationally recognized that regardless of whether an employee is called a "sous chef" that he or she is non-exempt (and entitled to overtime) when the primary duties are that of food preparation, cooking, or line cooking.[3]

23.    Plaintiff was not paid in excess $16,000.00 in unpaid overtime compensation. Plaintiff should be entitled "automatically" **to twice this sum** as liquidated damages, as required by relevant jurisprudence.[4]

---

[2] To not be entitled to overtime as a manager, an employee must meet the "executive exemption," which mandates that the manager **regularly direct 2 or more employees, have the authority to hire and fire employees, and perform the "primary duty" of management**. *See* 29 C.F.R. 541.100. Plaintiff never performed he primary duty of management, as she was a laborer and a cook (primarily).

[3] *See e.g. Stewart v. Nanouh*, 2021 U.S. Dist. LEXIS 38098, at *22 (E.D. Pa. 2021)(entering judgment for employee referred to as "sous chef" for violations of the FLSA explaining an employee who primarily makes food or cooks most days performs non-exempt duties and must be paid overtime); *Rodriguez v. Adams Rest. Grp.,* 308 F. Supp. 3d 359, 361 (D.D.C. 2018)(an employee labeled a "sous chef" is entitled to overtime where his primary duties are food preparation and line cooking); *Casalez v. Mercadito Miami, LLC*, 2014 U.S. Dist. LEXIS 193084, at *4 (S.D. Fla. 2014)(an employee who functions as a line cook but is called a sous chef would be entitled to overtime pay); *Castillo v. Z Deli Grocery V Corp.*, 2024 U.S. Dist. LEXIS 42206, at *8 (S.D.N.Y. 2024)(a cook referred to as a "sous chef" will be entitled to overtime pay when his primary duties are the performance of cooking or food preparation of any sort, as opposed to a focus on daily management); *Acosta v. Wok on Wheels USA, LLC*, 2019 U.S. Dist. LEXIS 149698, at *14 (W.D. Tex. 2019)(employees who perform primary duties of cooking are entitled to overtime compensation); *Julie A. Su v. Los Cocos Mexican Rest., Inc.*, 2023 U.S. Dist. LEXIS 206335, at *15 (D. Kan. 2023)(cooks are entitled to overtime compensation)

5

24.     Under state and federal laws, Plaintiff is entitled to more than $30,000.00 (a sum including liquidated damages), **plus** legal fees and costs (as also required under the FLSA and applicable state law). This is only as to unpaid overtime compensation.[5]

### Claim # 2 – Retaliatory Termination

25.     Plaintiff had been working so many hours and was being paid so little that she had been engaging in her own research and had been consulting colleagues and family. She formed the unwavering opinion that she was being paid unlawfully (and not paid overtime compensation in violation of the FLSA).

26.     By January and February of 2026, Plaintiff was verbally questioning Defendant TFB management (such as Valenze and Lyons) why she was not being paid overtime compensation when she was functioning primarily as a cook. She was even sharing what she researched with them.

---

[4] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

[5] This sum will be fully tallied and itemized once Plaintiff receives all time records during discovery, as Defendants only documented "40" hours on Plaintiff's paychecks regardless of how many hours she truly worked.

27.     As a result, Plaintiff was being met with hostility for raising such overtime concerns. She had even received a coaching for petty work matters due to frustration with Plaintiff raising such overtime gripes. Plaintiff wholly attributed such unwarranted scrutiny to her verbally unpaid overtime questions and concerns but nonetheless kept working very hard and long hours.

28.     Valenze and Lyons told Plaintiff that *since she is paid a salary*, she is not entitled to overtime compensation and ignored her concerns that she was not being paid overtime properly. Their responses were of course absurd because overtime misclassification is common, and it is the duties an employee performs that dictate whether he or she is exempt (as much of the workforce in America is salaried *and still entitled to overtime pay*).

29.     Because Plaintiff was getting nowhere with Valenze and Lyons, Plaintiff elected to escalate her unpaid overtime concerns to Kelly Gomez ("Gomez"). Gomez is the Director of Finance and Human Resources for Defendant TFB.

30.     An email exchange on March 23, 2026, with Gomez captures the types of complaints Plaintiff had been making to Valenze and Lyons wherein Plaintiff was complaining she was not paid for overtime and was truly a "non-exempt" employee (and she was referencing having raised concerns with her management already). This email exchange is as follows:

On Mon, Mar 23, 2026 at 5:52PM Parker Parker <parker@tfbhospitality.com> wrote:
Thank you for taking this time with me. I think the bigger conversation here is that I do not think my benefits and compensation are aligned with the amount of hours I'm working. I have been to chef Britney and Paul. If I was expected to work over 40 hours then that was something that should have been communicated from the very first day,so I was able to negotiate compensation and time commitment. Where does it say in my contract I need to work 5 days a week? Can you please help me find where I am required to work 50 plus hours every week? If it's in the job description somewhere or Trainual? It's not in my contract. I work mainly as a Line cook working 50 plus hours every week. I believe I am Non exempt and must be paid overtime for the manual labor I have been performing which is way more than 50 percent of my time spent working. I really was trying to stay away from this, but am having a hard time seeing where you guys are coming from.

On Mon, Mar 23, 2026 at 12:56PM Kelly Gomez <kelly@tfbhospitality.com> wrote:
Again, we are discussing this in terms of days, not hours. This is common practice for salaried positions. You are salaried and therefore are not paid by the hours worked.

31.    Plaintiff was again being told by Gomez now that anyone who gets a "salary" is not entitled to overtime pay. It was as if management was aligned with the same nonsensical story that is objectively false and not even plausible. Plaintiff then explained her own legal research to Gomez attempting to educate Gomez that Plaintiff was being paid unlawfully (and not being given overtime pay). Plaintiff wrote to Gomez on March 23, 2026:

From: **Parker Parker** <parker@tfbhospitality.com>
Date: Mon, Mar 23, 2026 at 5:52PM
Subject: Re: Pto
To: Kelly Gomez <kelly@tfbhospitality.com>

The "50% Rule": If an employee spends more than 50% of their time on manual tasks like cooking, plating, or washing dishes, they are generally considered non-exempt and must be paid overtime, even if they have a "manager" title.

Manual Labor: Because cooking is considered manual work, most line cooks, sous chefs, and even some head chefs who spend most of their shift "on the line" fail the duties test and are entitled to overtime pay at 1.5x their regular rate for hours over 40

32.    On or about March 24, 2026, Funk came to Plaintiff's work location (one (1) day after Plaintiff had adamantly escalated unpaid overtime concerns to the Director of Human Resources). Plaintiff had never met Funk before. Plaintiff was informed that Funk wanted to have a meeting with Plaintiff on this date. And Plaintiff of course obliged, believing he was just following up to discuss her overtime concerns. What she didn't expect was how threatening Funk would be to her.

33.    During the March 24, 2026, meeting with Funk, Plaintiff was very intimidated and in shock. Funk:

- Was loud, abusive, and condescending;

- Told Plaintiff she keeps complaining about overtime pay so she must not be happy working for him and other iterations of this, such as "it sounds like you don't want to work here;"

- Suggested Plaintiff just quit if she doesn't like her pay and he won't fight her unemployment claim;

- Told Plaintiff multiple times iterations of "you are trying to fuck me" or "trying to fuck me over" with your overtime claims right (or her complaints)? <u>and</u>

- Scolded Plaintiff suggesting she be appreciative of her job.

34.    The above bullet points outlining *some* commentary in the March 24th meeting between Plaintiff and Funk is not intended to serve as an exhaustive recitation of all dialogue – but rather – illustrations of the direct animus exhibited towards Plaintiff for her escalation of unpaid overtime to he Director of Human Resources the day before.

35.    During he March 24th meeting, Plaintiff very politely and timidly attempted to explain she deserved overtime pay because that is the law, she reiterated she only functioned as a line cook, and she was a laborer. This only made Funk angrier and more hostile towards her, causing him to reiterate some of his abusive points mentioned *supra.*

36.    Plaintiff had a pre-planned vacation after March 24th, then her normal days off were March 30th and March 31st. Thus, Plaintiff's first day back to work after March 24th (where she was told she should quit for raising overtime complaints) was on or about April 1, 2026.

37.    Plaintiff worked one (1) business day (April 1st) after March 24th before being presented on or about April 2, 2026, with a Performance Improvement Plan ("PIP").

38.    The PIP was presented to Plaintiff by Defendant Lyons in the afternoon on April 2, 2026. Defendant Lyons aggressively told Plaintiff: "Sign it." It was as if he didn't even care if Plaintiff read or understood the PIP. That is how retaliatory the PIP was on this date.

39.    Because the PIP was a several-page document, Plaintiff asked if she could take it home and review it. Plaintiff was told she could take the PIP home and review it, and thus Plaintiff completed her work shift and went home post-shift.

40.    On April 3, 2026, Plaintiff texted Valenze that the PIP indicated she could not miss 1:1 meetings with Velenze. But such meetings were on Plaintiff's standard days off from work. Plaintiff inquired if that had to be modified in the PIP, and Defendants in fact modified the PIP as it was necessary (ostensibly prior to meeting with Plaintiff again on April 3, 2026).

41.    On April 3, 2026, Lyons approached Plaintiff about the PIP saying the change of dates was made. Lyons was then telling Plaintiff to sign the PIP. Plaintiff felt the PIP was retaliatory, it was unwarranted, and it was nothing more than an attempt to create a paper trail to unjustifiably terminate her shortly thereafter. But nonetheless, Plaintiff politely asked to discuss some of the content and issues listed and asked if she could be provided with examples or details (of the supposed concerns). Lyons became completely enraged, yanked the papers out of Plaintiff's hand, and directed Plaintiff to go home and to leave the property. He had terminated Plaintiff.

42.    Plaintiff had been terminated in exceptionally close temporal proximity to Funk (the owner and CEO) cursing her out for complaining about unlawful overtime violations (only a few days earlier if considering actual days worked by Plaintiff). The PIP was a total charade and retaliatory itself, but Defendants were so hostile towards Plaintiff for her overtime concerns they couldn't even finish their charade and rushed to terminate Plaintiff *just because* Plaintiff asked questions about the pretextual PIP given to her.[6]

43.    All of the adverse actions taken against Plaintiff were because she made oral and written complaints of non-payment of overtime pay and Defendant's unlawful practices of not paying overtime via misclassification. *See e.g. Kasten v. Saint-Gobain Performance Plastics*

---

[6] Nobody of course told Plaintiff she had to sign the PIP without asking questions as a condition of remaining employed. She didn't even have an opportunity to refuse to sign the PIP, to be insubordinate, or to consider signing if questions were prohibited.

*Corp.*, 563 U.S. 1 (2011)(any informal, oral, or written complaints to management of overtime concerns are statutorily protected under the FLSA prohibiting adverse actions for same). Defendants' actions as outlined herein constitute unlawful retaliation (as well as the non-payment of overtime properly).

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Unpaid Overtime & Retaliation)**
**- Against All Defendants -**

44.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.    Plaintiff was not paid overtime compensation as outlined in this lawsuit, and such actions by Defendants violate the FLSA.

46.    Plaintiff was disciplined, placed on a PIP, and terminated in retaliation for complaints of unpaid overtime compensation. This constitutes unlawful retaliation.

47.    The individual defendants (Defendants Funk and Lyons) named in the caption are personally liable herein for violations of the FLSA as to their own personal assets, as they: (a) personally oversaw payments (and exemption status) to employees (such as Plaintiff); (b) oversaw the terms and conditions of employment for employees such as Plaintiff; (c) were personally involved hiring and compensation of Plaintiff including but not limited to non-payment of overtime; and (d) they personally orchestrated Plaintiff's retaliatory mistreatment, false discipline, and termination.[7]

---

[7] *See e.g. Narodetsky v. Cardone Indus., Inc.*, 2010 U.S. Dist. LEXIS 16133, 2010 WL 678288 (E.D. Pa. 2010)(management may be individually liable under the FLSA for involvement in payroll and/or terminations from employment).

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Unpaid Overtime Compensation)**
**- Against All Defendants -**

48.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49.     Plaintiff was not properly paid overtime as aforesaid, and Plaintiff pursues a claim herein for unpaid overtime compensation. Such protections under the PMWA mirror those as set forth in the FLSA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' illegal actions, including all unpaid wages or overtime compensation;

B.     Plaintiff is to be awarded liquidated and/or punitive damages (in accordance with the Statutes she is suing under), as permitted by applicable laws;

C.     Plaintiff is to receive damages for emotional distress and/or pain and suffering;

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.     Plaintiff shall be entitled to any other equitable or legal damages as permitted by laws she is suing under herein;

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff; and

G.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

12

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**


By: _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com


Dated: June 24, 2026

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Hannah Parker | : | CIVIL ACTION |
| v. | : | |
| Joshua Funk, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (x )

| 6/24/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☒ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)
# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PARKER, HANNAH

**(b)** County of Residence of First Listed Plaintiff    Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

FUNK, JOSHUA, ET AL.

County of Residence of First Listed Defendant    Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Pharmaceutical Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    ☐ 368 Asbestos Personal | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine    Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product    Liability Liability | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits |    **PERSONAL PROPERTY** | **LABOR** | | |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Product Liability    ☐ 380 Other Personal | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| | ☐ 360 Other Personal    Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Exchange |
| | Injury    ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury -    Product Liability | Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | | **FEDERAL TAX SUITS** | |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Accommodations ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty mployment | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education    ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC206)

Brief description of cause:
Violations of the FLSA (29USC206) and the PA Minimum Wage Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    **DEMAND $**    CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    6/24/2026      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____